UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-20872-CIV-MORENO**

MSPA CLAIMS I, LLC, and SERIES PMPI,

       Plaintiffs,

vs.

NORTHLAND INSURANCE COMPANY,
and NORTHLAND CASUALTY COMPANY,

       Defendants.

_____/

## ORDER GRANTING MOTION FOR REMAND

THIS CAUSE came before the Court upon Motion to Remand **(D.E. 8)**, filed on **March 26, 2019**.

THE COURT has considered the motion, theresponse pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for remand is GRANTED and the request for attorney's fees is DENIED.

Defendants are relying on the Court's diversity jurisdiction to remove this action. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiffs brought this action for a Pure Bill of Discovery in the Circuit Court for the Eleventh Circuit in and for Miami-Dade County. Defendants removed this action asserting the parties' diversity and that the amount in controversy exceeds $75,000. At issue in the motion to remand is whether the amount in controversy is met in this case where the Plaintiffs are seeking information.

"A pure bill of discovery is an equitable remedy under state law which serves 'to obtain

the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court.'" *MSP Recovery Claims, Series, LLC v. Allstate Fire & Cas. Ins. Co.*, No. 19-20426-CIV-Altonaga (S.D. Fla. Feb. 4, 2019) (quoting *Carr v. Bombardier Aerospace Corp.*, No. 10-MC-60917, 2010 WL 2220336, at *1 (S.D. Fla. June 3, 2009) and *Mesia v. Fla. Agr. & Mech. Univ. Sch. of Law*, 605 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009)). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Id.* (quoting *Carr*, 2010 WL 2220336, at *2 and *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). In *Allstate Fire & Cas.*, which is a case like this one seeking a pure bill of discovery, the district court found that "the value of [Plaintiffs'] requested discovery would be the monetary value of the benefit that would flow to [them] if [their] petition was granted." *Id.*

In this case, the Defendants argue that the monetary value easily exceeds $75,000. They assert that Plaintiffs have assignments from one Managed Care Organization and eight Medicaid providers, who have learned via Florida crash reports that a number of their enrollees were involved in car accidents at the time they were insured by policies issued by Defendants. Plaintiffs' assignors paid for the accident-related medical expenses. Defendants concede that Plaintiffs would have to file a future action to recover against them under the Medicaid Third Party Liability Act. In support of their position, Defendants rely on *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014), where the Eleventh Circuit held in a declaratory judgment action that the amount in controversy was met. The Eleventh Circuit in *S. Fla. Wellness* states that "[w]hile absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be 'sufficiently measurable and certain' to satisfy the

2

amount-in-controversy requirement. . . That requirement is not satisfied if the value of the equitable relief is 'too speculative and immeasurable.'" *Id.*, 745 F.3d at 1316 (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). The Eleventh Circuit held it was a matter of degree and found that removing Defendant Allstate carried its burden to establish the amount-in-controversy. To meet its burden, Allstate preferred an unrebutted affidavit establishing that the declaratory judgment sought would determine whether Allstate had made insufficient payments on more than 1.6 million bills for payment, with the determined amount of the insufficiency being $68 million. The Eleventh Circuit found the amount-in-controversy was determinable because there was a set cause of action, unrebutted evidence of the number of bills at issue, and evidence of what the class members would be entitled to if the plaintiffs succeeded in getting a declaratory judgment.

Distinguishable from *S. Fla. Wellness*, this case more closely resembles the other MSP entity cases for pure bills of discovery, which have been remanded by federal courts in this district. There is no underlying action between these parties for money damages; there is only the possibility of a future action. Unlike the Defendant in *S. Fla. Wellness*, Defendants have not provided an affidavit to meet their burden by a preponderance of the evidence that the jurisdictional amount is met. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001). Here, the Plaintiffs' Complaint states it seeks to confirm the proper defendants and the appropriate theory of legal relief, which is unlike the declaratory judgment in *S. Fla. Wellness.* More specifically, Plaintiffs are seeking the Defendants provide information as to their Medicaid enrollees that were insured by the Defendants. Plaintiffs seek production of 15 categories of information about Defendants' customers, including medical and accident information. Given that this Court has the obligation to construe any ambiguity against removal,

the Court finds that this case should be remanded as the amount-in-controversy is not sufficiently established to secure federal jurisdiction. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

This holding is consistent with that of other courts in this district when presented with a pure bill of discovery and insufficient evidence establishing the jurisdictional amount. *See Allstate Fire & Cas. Ins. Co.*, No. 19-20426-CIV-Altonaga (remanding pure bill of discovery); *MSP Recovery Claims, Series LLC, v. Mt. Hawley Ins. Co.*, Case No. 19-21194-CIV-Altonaga (S.D. Fla. March 29, 2019) (remanding pure bill of discovery); *MSP Recovery Claims, Series LLC v. Amica Mut. Ins. Co.*, No. 19-20696-CIV-Altonaga (S.D. Fla. Feb. 22, 2019); *MSP Recovery Claims, Series LLC v. Coloplast Corp.*, No. 18-24582-CIV-Altonaga (S.D. Fla. Nov. 26, 2018) (remanding case finding an action for a pure bill of discovery is separate and distinct from any subsequent action for relief based on the discovery, and jurisdiction must be independently established); *MSP Recovery Claims, Series LLC v. First Acceptance Ins. Co., Inc.*, No. 19-20525-CIV-Altonaga (S.D. Fla. Feb. 14, 2019); *MSP Recovery Claims, Series LLC v. Eli Lilly & Co.*, No. 18-24617-CIV-Altonaga (S.D. Fla. Nov. 26, 2018); *MSP Recovery Claims, Series LLC v. Jazz Pharm. Inc.*, No. 18-24622-CIV-Altonaga (S.D. Fla. Nov.26, 2018); *MSP Recovery Claims, Series LLC v. Am. Med. Sys., LLC*, No. 18-24497-CIV-Huck (S.D. Fla. Dec. 26, 2018); *MSP Recovery Claims, Series LLC v. ALN Int'l, Inc.*, No. 18-24627-CIV-Moore (S.D. Fla. Dec. 4, 2018); *MSP Recovery Claims, Series LLC v. Alere, Inc.*, No. 18-24703-CIV-Ungaro (S.D. Fla. Jan. 15, 2019); *MSP Recovery Claims, Series LLC v. Boston Sci. Corp.*, No. 18-24546-CIV-Ungaro (S.D. Fla. Jan. 9, 2019) .

Defendants, of course, retain the right to later remove the action if and when the Plaintiffs file a new case or amend the Complaint to allege either a claim arising under federal law or a

4

claim for an amount certain and in excess of the jurisdictional requirement.  Accordingly, it is

ADJUDGED that this case is REMANDED to the Circuit Court for the Eleventh Judicial

Circuit in and for Miami-Dade County, Florida.  The Clerk of the Court is hereby directed to

take all necessary steps and procedures to effect the expeditious remand of the above-styled

action.  All other pending motions are DENIED as moot.


DONE AND ORDERED in Chambers at Miami, Florida, this _26_ of April 2019.


FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Clerk of Court for the 11th Judicial Circuit in and for Miami-Dade County
Counsel of Record